# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1412V
UNPUBLISHED

| | |
|---|---|
| DEBRA SEPULVEDA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On October 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of her December 4, 2015 influenza ("flu") vaccination. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 24, 2018, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 22, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$126,537.56, representing $120,000.00 for her actual and projected[3] pain and suffering and $6,537.56 for her actual unreimburseable expenses.  Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>126,537.56</u>, representing $120,000.00 for her actual and future pain and suffering and $6,537.56 for her actual unreimburseable expenses in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] The Proffer indicates that any amounts for projected pain and suffering have been reduced to net present value. Proffer at 1 (citing § 15 (a)(4)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DEBRA SEPULVEDA,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 17-1412V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF DAMAGES

On October 3, 2017, Debra Sepulveda ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that petitioner received an influenza ("flu") vaccine in her left shoulder on December 4, 2015, and that she subsequently suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at 1, 4. Respondent concluded that petitioner's alleged injury satisfies the criteria of the Vaccine Injury Table, and therefore conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on September 17, 2018. Based on Respondent's Rule 4(c) Report the Court found petitioner entitled to compensation.

**I.   Items of Compensation**

   **A.   Pain and Suffering**

Respondent proffers that petitioner should be awarded $120,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,537.56. Petitioner agrees.

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$126,537.56**, in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        GABRIELLE M. FIELDING
        Assistant Director
        Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                                           s/Jennifer L. Reynaud
                                          JENNIFER L. REYNAUD
                                          Trial Attorney
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Benjamin Franklin Station
                                          Washington, D.C. 20044-0146
                                          Tel:  (202) 305-1586

Date:   May 22, 2020